Karin Sweigart, Cal Bar No. 247462
ksweigart@freedomfoundation.com
Mariah Gondeiro, Cal Bar No. 323683
mgondeiro@freedomfoundation.com
James G. Abernathy, WSB #48801
*(*pending *pro hac vice* application)
Freedom Foundation
PO Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA QUEZAMBRA**, individual,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED DOMESTIC WORKERS OF AMERICA AFSCME LOCAL 3930**, a labor organization; **ORANGE COUNTY**, a political subdivision of the State of California; **BETTY T. YEE**, in her official capacity as State Controller of the State of California; and **XAVIER BECERRA** in his official capacity as Attorney General of California,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND INJUNCTIVE RELIEF FOR VIOLATION OF CIVIL RIGHTS AND INTENTIONAL TORTS.** |

COMPLAINT
NO.

1

1    Plaintiff Maria Quezambra ("Ms. Quezambra") by and through her

2  undersigned counsel, states the following claim for relief against Defendants

3  United Domestic Workers of America AFSCME Local 3930 (hereinafter, the

4  "Union"), Betty Yee in her official capacity as State Controller of California

5  (hereinafter, "Controller Yee"), and Xavier Becerra in his official capacity as

6  Attorney General of California (collectively, "Defendants").

7                          **JURISDICTION AND VENUE**

8    1.    This Court has federal question jurisdiction over this case pursuant to

9  28 U.S.C. §§ 1331 and 1343 because the case arises under the First and Fourteenth

10  Amendments to the U.S. Constitution as an action under 42 U.S.C. § 1983 for

11  violation, under color of law, or rights, privileges, and immunities secured by the

12  Federal Constitution. Pursuant to § 1343, the Court may grant damages, restitution,

13  and injunctive relief, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

14    2.    This action is an actual controversy in which Ms. Quezambra seeks a

15  declaration of her rights. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare

16  the rights of Plaintiffs and grant further necessary or proper relief based thereon, to

17  include injunction.

18    3.    This Court has supplemental jurisdiction over state law claims

19  presented in this matter pursuant to 28 U.S.C. § 1367, because the claims are so

20  related to the federal constitutional claims in this action such that they do not raise

COMPLAINT
No.

2

1   novel or complex issues of state law and do not substantially predominate over the

2   federal claims. There are, further, no exceptional circumstances compelling

3   declining state law claims.

4        4.   Venue is proper in the Central District of California under 28 U.S.C. §

5   1391(b)(1) because the Union maintains an office in Orange County and is a

6   resident of this State (within the meaning of 28 U.S.C. § 1391(c)). Venue is also

7   proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or

8   omissions giving rise to the claim occurred in this judicial district.

9                              **INTRODUCTION**

10        5.   The First Amendment prohibits the government and unions from

11   seizing union dues or fees (hereinafter, "dues") from homecare providers without

12   their consent in the form of a valid waiver of their First Amendment rights. *See*

13   *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

14        6.   Controller Yee has been unlawfully deducting union dues from Ms.

15   Quezambra without her consent and remitting them to the Union since 2013.   Ms.

16   Quezambra never expressed a desire to join or subsidize the Union, and never

17   signed a union membership card.

18        7.   After objecting to union membership and the payment of any union

19   dues, the Union presented Ms. Quezambra a membership and dues deduction

20   authorization card containing a forged signature that she purportedly signed.  Ms.

COMPLAINT
No.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   Quezambra did not sign this card.  The Union forged Ms. Quezambra's signature

2   to justify past dues deductions and to lock her into paying full union dues each

3   year.

4        8.      The state of California's process for deducting union dues enables the

5   Union to wrongfully deduct dues from Ms. Quezembra's wages, in violation of

6   her constitutional, statutory, and common law rights. California law authorizes

7   Controller Yee to deduct dues from Plaintiffs' wages and remit them to the Union

8   over Plaintiffs' objections and without the necessary clear and affirmative consent

9   required by *Janus*. *See* Cal. Welf. & Inst. Code §12301.6(h)(2).

10       9.      Defendants' dues extraction scheme pursuant to California State

11  Welfare and Institutions Code Section §12301.6(h)(2), and the Union's presently

12  binding Memorandum of Understanding[1] with Orange County governing Ms.

13  Quezambra's employment, (hereinafter, the "MOU") lacked the necessary

14  procedural safeguards to protect providers' constitutional rights.

15       10.     Defendants are state actors acting under the color of state law –

16  specifically, California State Welfare and Institutions Code Section 12301.6, and

17  the Union's MOU with Orange County.

18

19

20

---

[1] A memorandum of understanding is similar to a collective bargaining agreement and is the contract between an employer and the union.

COMPLAINT
NO.

4

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    11.    Ms. Quezambra seeks declaratory judgment, nominal, compensatory,

2  and punitive damages, injunctive relief, and attorneys' fees and costs pursuant to

3  42 U.S.C. § 1988.

4                                    **PARTIES**

5    12.    Plaintiff Maria Quezambra, an In-Home Supportive Service Provider

6  ("IHSS Provider"), resides in Costa Mesa, California, in Orange County.

7    13.    Defendant United Domestic Workers AFSCME Local 3930 (the

8  "Union"), is a branch of the United Domestic Workers labor union. The Union

9  maintains an office in Santa Ana, California, in Orange County.

10    14.    Defendant Orange County is headquartered in Santa Ana, California,

11  and is responsible for negotiating the MOU governing Ms. Quezambra's

12  employment with the Union.

13    15.    Defendant Betty Yee is the State Controller of California.  Pursuant to

14  state law, she collects union dues from IHSS Providers and remits them to the

15  Union. Yee is sued in her official capacity and solely for declaratory and injunctive

16  relief.

17    16.    Defendant Xavier Becerra is the Attorney General of California.

18  Pursuant to state law, he is responsible for the enforcement of state laws, including

19  the provisions challenged in this case.  Becerra is sued in his official capacity and

20  solely for declaratory and injunctive relief.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

# STATEMENT OF FACTS

17.    Ms. Quezambra became an IHSS Provider in 2012 to care for her disabled daughter.

18.    Ms. Quezambra is a single parent, and she and her daughter rely on Ms. Quezambra's income.

19.    Ms. Quezambra provides the following activities for her daughter: domestic services, protective supervision, medication administration, and providing transportation for medical visits.

20.    Ms. Quezambra is exclusively represented by the Union pursuant to California State Welfare and Institutions Code Section 12301.6, and by way of the MOU between Orange County and the Union.

21.    The Union is the exclusive bargaining representative for IHSS Providers in 21 California counties.

22.    California State Welfare and Institutions Code Section 12301.6 (h)(2) and Article 2 Section 2 of the MOU authorizes Controller Yee to collect dues on behalf of the Union.

23.    Article 2 Section 2 of the MOU says Orange County advises the State Controller to deduct all dues "as required by the Union."

24.    Orange County and Controller Yee (collectively, the "State") rely solely on the Union to inform them of the individual providers from whom the State

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    should be collecting dues.

2          25.    There is no procedure outlined in the MOU which governs how

3    employees object to union membership and/or the payment of union dues or fees.

4          26.    Neither is there a procedure outlined in the MOU which governs how

5    employees are notified of their First Amendment right to not subsidize a union to

6    *any* degree.

7          27.    By law, the State cannot process objections to union membership and

8    the payment of any union dues or fees from employees.

9          28.    The Union does not provide, and neither Orange County nor Controller

10   Yee require, evidence to verify the lawful authorization for union dues.

11         29.    The Union is in complete control of determining which employees pay

12   union dues and which employees do not.

13         30.    Beginning on or about 2013, Controller Yee deducted money from Ms.

14   Quezambra's wages and remitted it to the Union.

15         31.    Ms. Quezambra never chose to financially support or join the Union.

16   She does not believe that the Union adequately advocates for her interests, and she

17   does not support the political, ideological, and social causes for which the Union

18   advocates.

19         32.    Ms. Quezambra reasonably believed union membership and dues

20   payments were mandatory because neither the State nor the Union solicited her to

COMPLAINT
No.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   join the union, Ms. Quezambra did not sign anything indicating she desired to

2   become a union member or pay union dues, and the State began to deduct Union

3   dues from her paycheck automatically.

4       33.   In February of 2019, by way of an IHSS Provider Facebook Support

5   group, Ms. Quezambra learned that neither Union membership nor dues payments

6   were mandatory.

7       34.   Upon receiving this information, on February 8, 2019, Ms. Quezambra

8   sent a letter informing the Union she objected to union membership and the payment

9   of any union dues or fees—even though she had never authorized either.

10       35.   In her letter dated February 8, 2019, Ms. Quezambra additionally

11   forbade Union representatives from coming to her home.

12       36.   The Union received Ms. Quezambra's certified letter on February 13,

13   2019.

14       37.   Between February 8 and March 21, Ms. Quezambra tried to contact the

15   Union several times by both phone and email to receive a status update on her

16   request.

17       38.   Additionally, Ms. Quezambra learned from other providers through the

18   IHSS Provider Facebook Support group that the Union had deceived other providers

19   into believing Union membership was mandatory and had even prevented some

20   providers from resigning membership.  Other providers in the group also claimed

COMPLAINT
No.

8

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  union dues were being withheld from their wages even though they had never signed

2  a membership or dues deduction authorization card.

3      39.   Ms. Quezambra did not recall ever signing a union membership card,

4  and, therefore, on March 21, 2019, she requested the Union provide her with a copy

5  of her signed membership card. Ms. Quezambra spoke with and then exchanged

6  email correspondence with the Union's Member Benefit Representative Janelle

7  Pistocco. The Union demanded a copy of Ms. Quezambra's drivers' license before

8  it could provide a copy of her membership card.  Upon sending a copy of her drivers'

9  license to Pistocco, Ms. Quezambra asked repeatedly how long the process would

10  take, but Pistocco did not respond.

11      40.   Also included in the March 21, 2019, email exchange was a second

12  confirmation of Ms. Quezambra's earlier mandate that no Union representatives

13  come to her home.

14      41.   The Union's Organizing and Field Services Statewide Coordinator Mat

15  Kostrinsky, responded to one of Ms. Quezambra's requests on March 22, 2019,

16  stating that the Union needed a week to review its files to ensure that it provided her

17  with the appropriate membership card.  In this email, Kostrinsky copied Pistocco, as

18  well as the Manager of the Member Benefit Center, Patrick Menzies, and Regional

19  Coordinator for Orange County, Donta Harrison. That same day, Kostrinsky again

20  replied to Ms. Quezambra stating:

COMPLAINT
NO.

9

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

We have reviewed your file and determined that you did not properly authorize the dues deductions. Accordingly, we have taken steps to discontinue the dues previously deducted retroactive to December 2015. This is consistent with the three-year statute of limitation applicable to claims for dues refunds.  As such, you will not see any further dues deducted from any further paycheck and we will work with the State of California, if there were dues deducted and we are not aware about, to include them in the refund. Starting this Monday, this refund process can take up to 28 business days."

42.   On March 25, April 1, and April 4, 2019, Ms. Quezambra emailed Kostrinsky, Pistocco, Menzies, and Harrison, again requesting a copy of the card. She made clear to the Union her expectation that she be fully reimbursed all dues deducted from her pay from the time she became a provider, and that, if the Union immediately returned all money in dues, she would forego seeking the interest and punitive damages to which she may otherwise be entitled.

43.   On March 29, 2019, despite Ms. Quezambra's previous two communications forbidding the Union from coming to her home, the Union sent a representative to Ms. Quezambra's home scaring her disabled daughter and causing anxiety, fear, apprehension, distress, and unhappiness in both Ms. Quezambra and her daughter.

44.   Kotrinsky responded on April 4, 2019, that he would no longer be handling her inquiries, and instead Harrison, copied on the email, would respond to Ms. Quezambra. Kotrinsky added that he had no further role in the matter and would not respond to any further emails from her.

45.   On April 9, 2019, having yet to receive communication from Harrison

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  despite Ms. Quezambra's attempts to contact him via both phone and email, Ms.

2  Quezambra again asked for an update via email on her request for the full refund of

3  dues. She requested Harrison respond to her that day.

4       46.    On April 10, 2019, having yet to receive communication from Harrison,

5  Ms. Quezambra emailed two officials from the Union, including the head of the

6  Union's Western Regional Office Walter Blair, seeking the status of her request for

7  a full reimbursement of her dues.

8       47.    Shortly thereafter, Ms. Quezambra received a letter from the Union's

9  Member Benefit Center dated April 10, 2019. The letter included a copy of a signed

10  membership authorization card the Union purportedly had on file for Ms.

11  Quezambra. However, the letter stated that, after an audit of her membership, it was

12  "deemed that [Ms. Quezambra] did not properly authorize the dues deductions." The

13  letter stated the Union would be processing a refund but did not specify the amount

14  of the refund.

15       48.    The information on the membership and dues deduction authorization

16  card contained errors and omissions the Union either knew or should have known

17  showed the card was not completed by Ms. Quezambra. The card did not have an

18  email address, contained the wrong birthdate, included the phone number of Ms.

19  Quezambra's former spouse, and included a signature in light colored felt pen that

20  in no way resembled Ms. Quezambra's signature.

COMPLAINT
NO.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

49.    On April 11, 2019, Union President Editha Adams sent a letter to Ms. Quezambra reiterating the Union had reviewed Ms. Quezambra's file and determined that she did not properly authorize the dues deductions. The letter contained a check for $1,628.00, which the Union stated represented the dues deducted since December of 2015 "consistent with the three-year statute of limitation[s] applicable to claims for dues refunds."

50.    Ms. Quezambra refused the Union's check in a letter she sent the Union on April 17, 2019.  She made clear the membership and dues deduction authorization card provided to her was not completed or signed by her.   Additionally, Ms. Quezambra reiterated her request for a complete refund of the dues collected from her wages beginning in 2014, totaling $2,482.70.   She pointed to the Union's admission that the deductions of dues from her paycheck were unauthorized deductions and to the membership card that appeared to have been falsified by Union representatives.   Ms. Quezambra stated her offer would remain open until May 7, 2019.

51.    On May 6, 2019, Ms. Quezambra received a counter offer from the Union by way of an email from Patrick Menzies, Manager of the Benefits Department. Mr. Menzies stated the Union would be sending Ms. Quezambra a check for $2,291.82, representing dues taken since July of 2014.

52.    On May 11, 2019, Ms. Quezambra received a check for $2,291.83 from

COMPLAINT
No.

12

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1  the Union.

2      53.    On May 15, 2019, Ms. Quezambra rejected the Union's counter offer,

3  returning the Union's check by certified letter.

4      54.    Defendants' conduct towards Ms. Quezambra was reckless and shows

5  a callous indifference to Ms. Quezambra's federal and statutory rights, including

6  her First Amendment rights under *Janus.*

7      55.    Defendants are guilty of oppression and malice towards Ms.

8  Quezambra and acted intentionally with the knowledge that their actions would

9  probably cause harm. Defendants conduct was despicable, was carried out with

10  willful and conscious disregard of the rights or safety of others, and subjected Ms.

11  Quezambra to cruel and unjust hardship in conscious disregard of her rights.

12      56.    Defendants also engaged in an unlawful procedure that lacked the

13  necessary procedural safeguards to ensure the Union does not use the money of

14  nonunion employees for impermissible purposes.  The State created a system

15  which incentivizes the Union, a financially interested party to, among other

16  abusive practices, forge the signatures of unsuspecting home care providers like

17  Ms. Quezambra, actively conceal the forged signatures from the State and others,

18  and ignore inquiries and objections from employees such as Ms. Quezambra (or

19  make the objection process difficult).  The First Amendment prohibits such

20  schemes.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

57.    Ms. Quezambra fears that violations like the ones she has experienced will continue so long as Defendants' dues extraction scheme remains in place.

FIRST CAUSE OF ACTION

<b>Violation of the First Amendment (42 U.S.C. § 1983)<br>(By Plaintiff Against all Defendants)</b>

<i><b>Subjecting Ms. Quezambra to Defendants' dues extraction scheme lacking the necessary procedural safeguards violates the First Amendment to the United States Constitution.</b></i>

58.    Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

59.    Defendants' dues extraction scheme pursuant to California State Welfare and Institutions Code Section 12301.6(h)(2) and Article 2 Section 2 of the MOU, on its face and as applied, violates Ms. Quezambra's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech, because Defendants' dues extraction scheme lacks the necessary procedural safeguards to protect Ms. Quezambra's constitutional rights.

60.    The dues extraction scheme pursuant to California State Welfare and Institutions Code Section 12301.6(h)(2) and Article 2 Section 2 of the MOU is significantly broader than necessary to serve any possible alleged government interest.



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

61.     The dues extraction scheme pursuant to California State Welfare and Institutions Code Section 12301.6(h)(2) and Article 2 Section 2 of the MOU is not carefully or narrowly tailored to minimize the infringement of free speech rights.

## SECOND CAUSE OF ACTION
### Violation of the First Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

***Deducting union dues/fees from Ms. Quezambra's wages pursuant to California State Welfare and Institutions Code Section 12301.6(h)(2) violates the First Amendment to the United States Constitution.***

62.     Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

63.     California State Welfare and Institutions Code Section 12301.6(h)(2), on its face and as applied, violates Ms. Quezambra's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech, because it authorizes and compels the State to deduct union dues/fees from Ms. Quezambra's wages even though she has not clearly and affirmatively consented to the deductions by waiving her constitutional right to not fund union advocacy.

64.     Consent to fund union advocacy cannot be presumed and Ms. Quezambra did not waive her constitutional right to not fund union advocacy.

65.     No compelling state interest justifies this infringement on Ms.

COMPLAINT
NO.

15

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   Quezambra's First Amendment rights.

2       66.     California State Welfare and Institutions Code Section 12301.6(h)(2)

3   is significantly broader than necessary to serve any possible alleged government

4   interest.

5       67.     California State Welfare and Institutions Code Section 12301.6(h)(2)

6   is not carefully or narrowly tailored to minimize the infringement of free speech

7   rights.

8                        **THIRD CAUSE OF ACTION**
                 **Violation of the First Amendment (42 U.S.C. § 1983)**
9                        **(By Plaintiff Against Defendants)**

10  *Article 2 Section 2 and other cited provisions of the MOU, and the deductions of*
    *union dues/fees from Plaintiff's wages pursuant thereto, violate the First*
11                  *Amendment to the United States Constitution.*

12      68.     Plaintiff incorporates by reference and re-alleges herein all Paragraphs

13  above.

14      69.     Article 2 Section 2 and other cited provisions of the MOU, and any

15  action thereto, on their face and as applied, violate Ms. Quezambra's First

16  Amendment rights as secured against state infringement by the Fourteenth

17  Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory

18  representative; (b) not to support, financially or otherwise, petitioning and speech;

19  and (c) against compelled speech, because they compel the State to deduct union

20  dues/fees from Ms. Quezambra's wages and remit them to the Union even though

COMPLAINT
No.                                          16

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   she has not clearly and affirmatively consented to the deductions by waiving her

2   constitutional right to not fund union advocacy.

3          70.    Consent to fund union advocacy cannot be presumed and Plaintiff did

4   not waive her constitutional right to not fund union advocacy.

5          71.    No compelling state interest justifies this infringement on Plaintiffs'

6   First Amendment rights.

7          72.    Article 2 Section 2 and other cited provisions of the MOU are

8   significantly broader than necessary to serve any possible alleged government

9   interest.

10         73.    Article 2 Section 2 and other cited provisions of the MOU are not

11  carefully or narrowly tailored to minimize the infringement of free speech rights.

12                           **FOURTH CAUSE OF ACTION**
                                      **Trespass**
13                         **(By Plaintiff Against the Union)**

14  ***The Union committed the tort of trespass under California law when it entered***
                       ***Plaintiff's land without permission***
15
16         74.    Plaintiff incorporates by reference and re-alleges herein all Paragraphs

    above.
17
           75.    Twice, Ms. Quezambra forbade the Union from coming to her home.
18
           76.    The Union intentionally committed the tort of trespass when it entered
19
    Ms. Quezambra's property on March 29, 2019, despite the fact that Ms.
20
    Quezambra affirmatively communicated her disapproval.

COMPLAINT
No.                                    17

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

77.   Such trespass caused damages including but not limiting to severe emotional distress, apprehension, and fear.

### FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (By Plaintiff Against the Union)

***The Union committed the tort of intentional infliction of emotional distress under California law when it trespassed onto her property, forged Ms. Quezambra's signature, and wrongfully withdrew her dues.***

78.   Plaintiff incorporates by reference and re-alleges herein all Paragraphs above.

79.   The Union's conduct is outrageous and such that would be intolerable in a civilized society.  Trespassing on a person's property against his or her will, frightening the person's disabled child, and forging a signature to obtain money from the person is outrageous conduct that should not be tolerated in a civilized society.  Just forging someone's signature to commit that person to paying for union advocacy or political causes against that person's will, alone, would satisfy this element even in the absence of a First Amendment violation.  Where, as here, the violation is also a constitutional one, the conduct is doubly egregious.

80.   The Union acted intentionally when it sent agents to Ms. Quezambra's home; disregarding her specific prohibition from doing so and thereby frightening her disabled daughter.  It acted intentionally when its agent purposefully and knowingly forged Ms. Quezambra's signature for the Union's gain.  Finally, it

COMPLAINT
No.

18

FREEDOM ≈
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1   acted recklessly by dispatching an agent to Ms. Quezambra's home and failing to

2   adequately train, supervise, and monitor its agents to avoid such violations.

3       81.     Ms. Quezambra suffered severe emotional distress when the Union

4   trespassed her property, frightened her daughter, forged her signature, and seized

5   her money.  When the Union came to her home and frightened her disabled

6   daughter, it caused Ms. Quezambra anxiety, distress, and fear that the Union would

7   return and frighten and disturb her disabled daughter again to secure her union

8   membership authorization.  The appropriation of her money for political purposes

9   she disagrees with caused her anxiety, stress, and unhappiness.  She struggled with

10  feelings of powerlessness and meaninglessness when, after repeated attempts, she

11  was unable to stop the dues deductions and obtain a copy of her dues authorization

12  card. These feelings distracted and detracted from her ability to perform daily tasks

13  and duties for her disabled daughter.  The repeated need to contact the Union to

14  free her from dues payments or to obtain a copy of her dues authorization used

15  valuable time that she would have otherwise used in a productive manner, thereby

16  contributing to feelings of frustration, anger, and despondency.

17                          **PRAYER FOR RELIEF**

18      WHEREFORE, Ms. Quezambra prays this Court grant the relief requested

19  herein, specifically that the Court render the following judgment in Plaintiff's

20  favor and against Defendants:

COMPLAINT
No.

19

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

i. **Declaratory Judgment:** For entry of a Declaratory Judgment that Defendants violated Ms. Quezambra's First Amendment rights by withdrawing union dues against her will, in part based on a forged signature, and grant all other necessary and proper relief. 28 U.S.C. §§ 2201 and 2202.

ii. **Declaratory Judgment:** For entry of a Declaratory Judgment that Defendants failed to observe procedural safeguards necessary to protect Ms. Quezambra's First Amendment rights by creating an environment conducive to such violations and resulting in the violation of her First Amendment rights. 28 U.S.C. §§ 2201 and 2202.

iii. **Injunctive Relief:** Enjoin Defendants from agreeing to and enforcing a procedure for dues deductions and objections to union membership/dues deductions that violates the First Amendment. 28 U.S.C. §§ 2201 and 2202.

iv. **Injunctive Relief:** Enjoin the Union from entering Ms. Quezambra's property.

v. **Damages:** Order the Union to repay illegally seized funds, with interest at the maximum rate allowed by law, to Ms. Quezambra, under 42 U.S.C. § 1983.

vi. **Damages:** Award compensatory and punitive damages for violation of constitutional rights under 42 U.S.C. § 1983.

vii. **Damages:** Award compensatory and punitive damages for the tort of trespass.

viii. **Damages:** Award compensatory and punitive damages for the tort of

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1    intentional infliction of emotional distress.

2    **ix.**   **Costs and attorneys' fees:** For an award to Plaintiff of her costs and

3    reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award

4    Act of 1976, 42 U.S.C. § 1988;

5    **x.**   **Interest:** For pre-judgment and post-judgment interest as permitted by law.

6    **xi.**   **Other relief:** For such other and additional relief as the Court may deem just

7    and proper.

8    Dated: May 16, 2019

9

10                                      FREEDOM FOUNDATION

11                                      Karin Sweigart, Cal Bar No. 247462
                                        Freedom Foundation
12                                      PO Box 552
                                        Olympia, WA  98507
13                                      Telephone: (360) 956-3482
                                        Email: ksweigart@freedomfoundation.com
14
                                        Mariah Gondeiro, Cal Bar No. 323683
15                                      Freedom Foundation
                                        PO Box 552
16                                      Olympia, WA 98507
                                        Telephone: (360) 956-3482
17                                      Email: mgondeiro@freedomfoundation.com

18                                      James G. Abernathy, WSB #48801
                                        (pending *pro hac vice* application)
19                                      Freedom Foundation
                                        PO Box 552
20                                      Olympia, WA 98507
                                        Telephone: (360) 956-3482

COMPLAINT
NO.

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1

Email: jabernathy@freedomfoundation.com

2

*Attorneys for Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT
No.

22

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874